KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Manual Romero, | No. CV 11-531-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| United States of America, et al., | |
| Defendants. | |

Plaintiff James Manual Romero, who is confined in the United States Penitentiary-Tucson, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. Because Plaintiff is a federal inmate suing federal agents, the Court will construe the Complaint as filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) ("Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."). The Court will dismiss the action.

**I.   Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.62. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount

in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

1  than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89,
2  94 (2007) (*per curiam*)).

3  If the Court determines that a pleading could be cured by the allegation of other facts,
4  a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
5  action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
6  should not, however, advise the litigant how to cure the defects. This type of advice "would
7  undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
8  231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
9  required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
10 failure to state a claim, without leave to amend because the defects cannot be corrected.

11 **III.   Complaint**

12 Plaintiff names the United States of America and Unknown U.S. Marshals as
13 Defendants in the Complaint. Plaintiff raises three claims for relief:

14  (1) Defendants lacked subject matter to prosecute Plaintiff because they failed to
15      take Plaintiff to "the original place of jurisdiction which is the Tribe–according
16      to Treaties with the United States of America";

17  (2) Defendants prosecuted Plaintiff using the wrong tribal identification number;
18      and

19  (3) The trial court did not have jurisdiction over Plaintiff's federal criminal
20      proceedings.

21 Plaintiff seeks money damages.

22 **IV.   Failure to State a Claim**

23 A prisoner's claim for money damages cannot be brought under 42 U.S.C. § 1983 if
24 "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction
25 or sentence," unless the prisoner demonstrates that the conviction or sentence has previously
26 been reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. 477, 486-
27 87 (1994). "[T]he rationale of Heck applies to Bivens actions." Martin, 88 F.3d at 775.
28 Plaintiff's claims explicitly challenge the validity of his conviction and Plaintiff has not

1  demonstrated that his conviction has been reversed, expunged, or otherwise invalidated.
2  Plaintiff's claims are therefore barred by Heck, and the Court will dismiss this case.
3  **IT IS ORDERED:**
4      (1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 3) is **granted**.
5      (2)    As required by the accompanying Order to the appropriate government agency,
6  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.62.
7      (3)    The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28
8  U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.
9      (4)    The Clerk of Court must make an entry on the docket stating that the dismissal
10 for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).
11     (5)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.
12 § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this
13 decision would not be taken in good faith.

DATED this 5th day of April, 2011.

*[signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge